**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| BRANDON WEEDER, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No: |
| v. | Hon. |
| JACKSON COUNTY MEDICAL CARE FACILITY, | Mag. |
| Defendant. | |

**CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Brandon Weeder ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned attorneys, hereby brings this Class and Collective Action against Jackson County Medical Care Facility ("Defendant") to recover unpaid wages, liquidated damages, interest, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*. and common law. Plaintiff's allegations herein are based upon knowledge as to matters relating to himself and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of his federal claims.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391 because the Defendant is incorporated in this District and subject to personal jurisdiction in this District.

## PARTIES

6. Plaintiff is an adult resident of Jackson, Michigan and was employed

by Defendant from approximately August 28, 2023 through July 2, 2025. Plaintiff's consent to joint form is attached as **Exhibit A**.

7. Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

8. Defendant maintains its only location in Jackson, Michigan.

9. Defendant is an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. § 201, *et seq*.

10. Defendant's registered agent for service of process is Destiny Wilkins, 524 Lansing Ave., Jackson, Michigan 49201.

## STATEMENT OF FACTS

11. On or about August 28, 2023, Defendant hired Plaintiff as an hourly non-exempt employee.

12. Plaintiff worked at Defendant's location at 524 Lansing Ave., Jackson, Michigan 49201.

13. Plaintiff's most recent base hourly rate of pay was $18.62.

14. As non-exempt employees, Defendant's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their regular rate of pay.

## Off-the-Clock Work

15. Pursuant to Defendant's policies, training, and direction, Defendant required Plaintiff and all other hourly employees to review in-service training modules off-the-clock.

16. This off-the-clock work generally took one (1) hour per training module, but Plaintiff and all other hourly employees were not paid for this time.

17. Plaintiff and all other employees were subject to discipline, including, but not limited to, Defendant, not allowing Plaintiff and all other hourly employees to clock in to Defendant's timekeeping system, if they failed to perform the off-the-clock tasks described above.

18. The off-the-clock work Plaintiff and all other hourly employees performed is compensable, directly benefitted Defendant and the tasks undertaken in connection with the off-the-clock work are integral and indispensable to their job duties and responsibilities as hourly employees of Defendant.

19. Defendant knowingly and willfully engaged in the above-mentioned violation of the FLSA.

## Time Rounding

20. Generally, employers may record employees' starting or stopping times to the nearest five minutes or to the nearest one-tenth or quarter of an hour. 29 C.F.R. § 785.48(b). The regulations provide these rounding practices may be used

presuming the arrangement averages out so the employees are fully compensated for all the time they actually work. *Id*.

21. However, an employer's policy of rounding off is permissible only if the rounding occurs so employees are not disadvantaged over time. 29 C.F.R. § 785.48. Rounding off practices that result in significant discrepancies in recordkeeping or in a failure to compensate employees for time actually worked are improper. *Id*.

22. At all relevant times, through the use of a computer software system, Defendant recorded its hourly employees' time clock punches on a daily basis.

23. Throughout his employment with Defendant, Plaintiff punched in on Defendant's time-clock system at the beginning of his shifts and punched out at the end of his shifts.

24. Defendant maintains an unlawful rounding policy which rounds employee punch-in and punch-out times in a way that inured to Defendant's benefit. As a result, Defendant failed to pay Plaintiff for all time worked. Defendant's violations are apparent on the face of Plaintiff's earnings statements, which clearly show all time is rounded to the nearest quarter hour.

25. Plaintiff was required to clock in seven (7) minutes prior to the start of each shift. During this time, he was required to complete tasks such as reviewing his schedule and planning his work for the day. Although Plaintiff completed work

during this time, he was not paid until the start of his shift.

26. At the end of his shift, Plaintiff was required to clock out fifteen (15) minutes after the end of each shift, during which time Plaintiff would finish up his care for his patients and debrief the employees arriving to take over his patients' care.

27. In each workweek where Plaintiff worked forty (40) hours or more, the rounding policy resulted in an unlawful deprivation of the overtime wages required by the FLSA.

28. In each workweek where Plaintiff worked less than forty (40) hours, the rounding policy also resulted in an unlawful deprivation of straight-time wages (i.e., gap time).

29. Upon information and belief, the unlawful pay practices evidenced in Plaintiff's earnings statements were committed against every hourly employee in every workweek.

30. Defendant's time-rounding practices almost invariably inured to its benefit.

31. Defendant's time-rounding practices were intended to systematically underpay all of its hourly employees, and Defendant was unjustly enriched as a result.

32. Defendant's policy and practice of rounding Plaintiff's punch-in and

punch-out times resulted in a substantial amount of uncompensated work over the past three years.

33. Defendant knew or should have known that all of Plaintiff's hourly work was compensable under the FLSA. Likewise, Defendant knew or should have known that its rounding policies and practices violated the FLSA.

34. As a matter of common business policy, Defendant failed to pay Plaintiff and the putative Collective members for all work performed as set forth in this Complaint. They were not paid their promised hourly wage for all work performed, and they were not paid overtime, as required by the FLSA, in weeks in which they worked more than forty (40) hours.

35. As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendant's current and former hourly employees who worked for Defendant in the United States at any time in the past three years.

37. Plaintiff and putative Collective members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, Plaintiff and

putative Collective members were subject to Defendant's time-rounding practices and off-the-clock work, resulting in underpayment of wages.

38. Upon information and belief, Defendant utilized a centralized payroll system which calculated payroll for all similarly situated employees in the same or similar manner.

39. Resolution of this action requires inquiry into common facts.

40. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

41. Court-authorized notice pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and text messaging and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

42. Upon information and belief, there are hundreds of similarly situated current and former employees of Defendant who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

## RULE 23 CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and on behalf of:

> *All current and former hourly employees who worked for Defendant in the United States at any time during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend this definition if necessary.

44. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

45. There is a well-defined community of interests among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following: whether Defendant's non-payment of wages for all compensable, non-overtime hours unjustly enriched Defendant.

46. Plaintiff's claims are typical of those of the Rule 23 Class in that they and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices.

Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

47. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and she retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

49. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

50. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue

his claim as a class action").

51. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY OVERTIME

52. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

53. Defendant is an employer within the meaning of 29 U.S.C § 203(d).

54. Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

55. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

56. Defendant maintained an unlawful time-rounding policy and off-the-clock work policy that did not comply with 29 C.F.R. § 785.48(b) because the policy did not "average out so that the employees [we]re fully compensated for all the time they actually work," and instead "result[ed], over a period of time, in a failure to compensate the employees properly for all the time they have actually worked." *Id.*

57. As a result of Defendant's unlawful time-rounding policy and off-the-clock work policy, in workweeks that the Plaintiff and other employees worked more than forty (40) hours, they were deprived of overtime wages in violation of the FLSA.

58. As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period. The exact amount can be readily determined using payroll and other employment records Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

60. Plaintiff and all others similarly situated are entitled to back pay, liquidated damages, interest, attorney's fees and costs, and other relief as appropriate

under the statute. 29 U.S.C. § 216(b).

**COUNT II**
**(Rule 23 Class Action)**
**UNJUST ENRICHMENT**

61. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

62. At all times relevant to this action, Defendant promised Plaintiff and every other Rule 23 Class member a pre-established hourly rate in consideration of the work duties they performed on behalf of Defendant.

63. Upon information and belief, each Rule 23 Class member, including Plaintiff, was paid a base hourly rate.

64. Plaintiff and every other Rule 23 Class member relied upon Defendant's promise for the pre-established hourly rate and performed by doing their jobs and carrying out the work they performed.

65. By not paying Plaintiff and every other Rule 23 Class member the promised base hourly wage for all the non-overtime work they performed each shift, Defendant was unjustly enriched.

66. Plaintiff and the Rule 23 Class members performed these off-the-clock work tasks at the request of and without objection by Defendant.

67. Defendant received and accepted the above-referenced off-the-clock work services from Plaintiff and every other Rule 23 Class member and enjoyed the

benefits derived therefrom.

68. Upon information and belief, Defendant used the monies owed to Plaintiff and every other Rule 23 Class member to finance their various business expenditures.

69. Defendant was unjustly enriched by the retention of monies procured by Plaintiff and the Rule 23 Class for Defendant, without having compensated Plaintiff for the same.

70. Plaintiff and the Rule 23 Class suffered detriment as a result of Defendant's failure to compensate them for the off-the-clock work described herein, in that Plaintiff and the Rule 23 Class were deprived of the ability to utilize that time, effort, and their resources in a profitable manner.

71. As a direct and proximate result of Defendant's actions, Plaintiff and every other Rule 23 Class member have suffered damages, including, but not limited to, loss of wages.

## COUNT III
## (Rule 23 Class Action)
## BREACH OF CONTRACT

72. Plaintiff re-alleges and incorporates all previous paragraphs herein.

73. At all times relevant to this action, Defendant had a binding and valid contract with Plaintiff and every other Rule 23 Nationwide Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly

rate in consideration of the work duties Plaintiff and the Rule 23 Nationwide Class members performed on behalf of Defendant.

74. Evidence of these contracts include Defendant's letters offering employment, pay statements, and other documentary evidence in Defendant's possession. Additionally, Defendant made verbal offers for payment at a specified, above minimum wage for hourly work, which Plaintiff accepted and performed, but Defendants failed to perform by paying Plaintiff and the Rule 23 Nationwide Class the promised wages.

75. Defendant breached their contractual promises by failing to pay hourly employees at their fixed, pre-agreed upon hourly rate for all of the hours worked.

76. Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Defendant's contractual promises contained in Defendant's offer letters, and performed under the contracts by doing their jobs and carrying out the work they performed each shift, which included the unpaid off-the-clock work that was required of them as described herein.

77. By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the work they performed each shift in connection with the off-the-clock work described herein, Defendant systematically breached their contracts with Plaintiff and each member of the Rule 23 Nationwide Class.

78. Defendant can easily ascertain the amount of damages owed to Plaintiff and the Rule 23 Nationwide Class members based on the allegations made in this Complaint (specifically the amount of off-the-clock work claimed each shift) in conjunction with Defendant's payroll records, which will provide the number of shifts worked by each Rule 23 Nationwide Class member.

79. Plaintiff and the Rule 23 Nationwide Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour, but less than forty (40) hours per week (i.e., pure "gap time" claims for non-overtime hours/workweeks).

80. Defendant also breached their duty of good faith and fair dealing by failing to keep track of the time Plaintiff and other Rule 23 Nationwide Class members spent performing off-the-clock activities, which is a fundamental part of an "employer's job."

81. As a direct and proximate result of Defendant's contractual breaches, Plaintiff and the Rule 23 Nationwide Class members were damaged in an amount to be determined at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, requests the following relief:

a. Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide

Plaintiff a list of all current and former hourly employees who worked for Defendant at any time in the past three years. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate.

b. An Order certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's unjust enrichment claim (Count II);

c. An Order certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's breach of contract claim (Count III);

d. An Order designating Plaintiff as representative of the FLSA Collective and the Rule 23 Class; and undersigned counsel as Class counsel for the same;

e. A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

f. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

g. A declaratory judgment that Defendant was unjustly enriched by failing to pay Plaintiff and the Rule 23 Class for each non-overtime hour they worked at a pre-established base hourly rate;

h. A declaratory judgment that Defendant breached their contracts with Plaintiff and the Rule 23 Class by failing to pay them for each hour worked at a pre-established (contractual) base hourly rate;

i. A monetary judgment awarding full back pay and an equal amount in liquidated damages;

j. An award of pre-judgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

l. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: September 5, 2025

Respectfully submitted,

*/s/ Jason J. Thompson*
Jason J. Thompson (P47184)
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
jthompson@sommerspc.com

*Attorneys for Plaintiff and the Proposed Collective/Class Members*